KSH/LTL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIM. NO. 22-00208-TFM |
| | * | USAO NO. 22R00513 |
| v. | * | |
| | * | VIOLATION:  18 USC § 2 |
| | * | 18 USC § 1343 |
| **DEDRIC ROLANDO CLINTON, JR.** | * | **FORFEITURE NOTICE** |
| | * | |
| | * | |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### Introduction

At all times material to this Indictment:

1. The Small Business Administration ("SBA") was created in 1953 as an independent agency of the executive branch of the federal government to aid, counsel, assist, and protect the interests of small business and to maintain and strengthen the overall economy of the United States. The SBA maintained and strengthened the nation's economy by, among other activities, enabling the establishment and viability of small business and by assisting in the economic recover of communities after disasters. In executing its mission, the SBA provides direct loans to small businesses and those affected by disasters.

2. On March 13, 2020, the President of the United States declared a national emergency concerning the COVID-19 pandemic (Proclamation 9994), and the declaration was further extended on February 18, 2022.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of

**SEALED**

Americans suffering adverse economic consequences caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and provided for expansion of others, including programs created and administered by the SBA.

4. As a part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP"). Congress has since increased the authorization amount for PPP loans to over $813 billion. The PPP required that small businesses much have been in operation on or before February 15, 2020, maintained employees, and realized monthly payroll costs.

5. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires that the business (through its authorized representative) acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses, and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

6. A PPP loan application must be processed by an SBA-authorized participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including

SEALED

information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA while processing the loan.

7. PPP loan proceeds must be used by the business on certain permissible expenses such as payroll costs, mortgage interest, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expenses within a designated period of time after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

8. Capital Plus Financial, LLC ("Capital Plus") is an approved PPP lender. Capital Plus is headquartered in Bedford, Texas, and is a financial institution as defined by 18 U.S.C. § 20.

9. In conjunction with the SBA, Capital Plus works jointly with a technology partner whose website and internal PPP platform are hosted by Amazon Web Services, which furnishes information technology infrastructure and computer servers located in the State of Oregon which were used to ingest **DEDRIC ROLANDO CLINTON, JR.**'s PPP application.

10. Upon receipt and processing of **DEDRIC ROLANDO CLINTON, JR.**'s PPP application, the SBA created a loan number which was, in turn, transmitted from SBA servers in Sterling, Virginia to Capital Plus.

11. At all times material to this Indictment, the defendant, **DEDRIC ROLANDO CLINTON, JR.**, was in the Southern District of Alabama.

### COUNT ONE
### Wire Fraud
### Title 18, United States Code, Section 1343

12. The factual allegations of paragraphs 1 through 11 of this Indictment are re-alleged as though fully set forth herein.

SEALED

13. From on or about March 1, 2021, and continuing through on or about April 20, 2021, the exact dates being unknown, within the Southern District of Alabama, and elsewhere, the defendant,

**DEDRIC ROLANDO CLINTON, JR.,**

devised and intended to devise a scheme and artifice to defraud the United States, Capital Plus, the SBA, and others, and to obtain money and property belonging to the United States, Capital Plus, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice

14. It was part of the scheme and artifice that the defendant, **DEDRIC ROLANDO CLINTON, JR.**, would and did submit and cause to be submitted, a false and fraudulent PPP loan application to Capital Plus and the SBA to obtain money for his personal use.

15. It was further a part of the scheme and artifice that the defendant, **DEDRIC ROLANDO CLINTON, JR.**, would and did falsely represent on his PPP loan application that he owned a business which had been in operation since January 19, 2019, and had gross annual revenues of $100,000.

16. It was further a part of the scheme and artifice that the defendant, **DEDRIC ROLANDO CLINTON, JR.**, would and did cause Capital Plus to make electronic transfers of $20,832 into his financial account sent from outside the State of Alabama to a financial institution account in the defendant's name within the Southern District of Alabama as a result of the false and fraudulent PPP loan application submitted by **DEDRIC ROLANDO CLINTON, JR.**.

**SEALED**

### The Wire Communication

17.  On or about April 20, 2021, in the Southern District of Alabama, and elsewhere, the defendant,

**DEDRIC ROLANDO CLINTON, JR.,**

for the purpose of executing the above-described scheme and artifice, and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, that is, the defendant, **DEDRIC ROLANDO CLINTON, JR.**, caused an interstate wire communication when a false and fraudulent PPP loan application was submitted to Capital Plus and the SBA.

All in violation of Title 18, United States Code, Section 1343 and 2.

### FORFEITURE NOTICE

Upon conviction of the violation of Title 18, United States Code, Section 1343 charged in Count One, the defendant, **DEDRIC ROLANDO CLINTON, JR.**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property constituting or derived from proceeds traceable to said violation, including but not limited to the following:

> MONEY JUDGMENT: A sum of money in United States Currency of at least $20,832.00 that the defendant obtained as a result of the offense charged in Count One.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

**SEALED**

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL

FOREMAN UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

KASEE S. HEISTERHAGEN
Assistant United States Attorney

LYDIA T. LUCIUS
Assistant United States Attorney

SEAN P. COSTELLO by Kasee Heisterhagen
SEAN P. COSTELLO
United States Attorney
Chief, Criminal Division

OCTOBER 2022

SEALED